IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **BETTY JONES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) NO. 3:19-cv-00453 |
| | ) |
| | ) JUDGE CAMPBELL |
| **TRANE US, INC.,** | ) MAGISTRATE JUDGE HOLMES |
| | ) |
| **Defendant.** | ) |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 51), recommending the Court grant in part and deny in part Defendant's Motion for Summary Judgment (Doc. No. 31). Defendant has filed Objections (Doc. No. 52) to the Report and Recommendation, and Plaintiff has filed a response to Defendant's Objections (Doc. No. 53).

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The Magistrate Judge recommended summary judgment be granted as to Plaintiff's claims brought under the Age Discrimination in Employment Act, Title VII (discrimination), and the Equal Pay Act, and recommended summary judgment be denied as to Plaintiff's Title VII

retaliation claim. In reaching her decision to deny the motion on the retaliation claim, the Magistrate Judge determined that genuine issues of material fact exist regarding the elements of Plaintiff's *prima facie* case, and on the issue of pretext. (Doc. No. 51, at 21-27). Through the Objections, Defendant argues the Magistrate Judge erred in failing to grant summary judgment on the retaliation claim.

First, Defendant argues the timing of the decision to terminate Plaintiff's employment precludes Plaintiff from establishing the third and fourth prongs of her *prima facie* case. According to Defendant, the decision to terminate was made before Plaintiff engaged in protected activity, even though the decision was not made effective until after the activity occurred. The Magistrate Judge fully considered this argument and found evidence in the record from which a jury could reject Defendant's claim to have made the decision to terminate before the protected activity:

> The Court is unpersuaded by Defendant's arguments that a *prima facie* case has not been met. First, the Court notes that 'the burden of establishing a *prima facie* case in a retaliation action is not onerous, but one easily met.' *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 523 (6th Cir. 2008). The third factor of the *prima facie* case sets out a relatively bright line test and merely requires a Plaintiff to show that she suffered an adverse action *after* she engaged in protected activity. Defendant's position that Plaintiff must instead show that the decision-making process that led to the actual adverse action occurred after she engaged in protected activity imposes more than what is required as to this factor. Further, the Court finds that Defendant's argument essentially requires a credibility determination as to when the decision to terminate Plaintiff was made. A reasonable trier of fact could reject Defendant's evidence given the undisputed facts that (i) Plaintiff was kept on as an employee for over a month after Carl and Harris assert they decided that her work performance was so poor that she should lose her job and (ii) Plaintiff received a year-end performance evaluation within days after Carl and Harris decided to terminate her employment that indicated that she was meeting expectations, included positive comments, did not suggest that she was at risk of losing her job, and actually led to a salary increase.

Second, the Court finds that the causal element of the *prima facie* case has been met by Plaintiff. To establish a causal connection, Plaintiff must produce sufficient evidence from which a reasonable inference could be drawn that Defendant would not have terminated her had she not engaged in activity protected. *Taylor*, 703 F.3d at 339. Again, '[t]he burden of proof at the *prima facie* stage is 'minimal'; all the plaintiff must do is put forth some credible evidence that enables the court to deduce that there is a causal connection between the protected activity and the retaliatory action.' *Upshaw v. Ford Motor Co.*, 576 F.3d 576, 588 (6th Cir. 2009). Although not dispositive of the issue, the close temporal proximity between Plaintiff's protected activity on February 17, 2017, and her termination on March 17, 2017, is relevant evidence supporting a finding of causation. *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008) ('Where an adverse employment action occurs very close in time after an employer learns of a protected activity, such temporal proximity between the events is significant enough to constitute evidence of a causal connection for the purposes of satisfying a prima facie case of retaliation.') *See Singfield v. Akron Metro. Housing Auth.*, 389 F.3d 555, 563 (6th Cir. 2004); *Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 364 (6th Cir. 2001); *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000).

Additionally, the Court finds there is also other evidence, which viewed in the light most favorable to Plaintiff, reasonably supports an inference of causation. Namely, that Plaintiff received a year end performance evaluation only a month prior to her termination, *and after Carl and Harris assert that they made the decision to terminate Plaintiff's employment*, which indicated she was meeting expectations, included positive comments, did not suggest that she was at risk of losing her job, and actually led to a salary increase. Given this evaluation, it would be reasonable to infer that there were not work performance issues with Plaintiff that necessitated her termination but that the termination occurred solely because she engaged in protected activity. Although Defendant offers an explanation that the evaluation was written prior to the end of 2016 and thus was not reflective of how Carl and Harris viewed Plaintiff's work performance in February 2017, the Court finds that this explanation merely raises a genuine issue of material fact on the issue.

(Doc. No. 51, at 23-24) (emphasis in original).

The Court agrees with the Magistrate Judge's determination that genuine issues of material fact exist with regard to whether Defendant actually made the decision to terminate Plaintiff before Plaintiff's protected activity. Defendant's arguments largely require the Court to make credibility determinations, which are inappropriate in analyzing a motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (holding that the court is not to make credibility determinations, weigh the evidence, or determine the truth of the matter). Defendant has failed to establish the Magistrate Judge erred in her analysis of Plaintiff's *prima facie* case.

Defendant also argues the Magistrate Judge erred in finding genuine material factual issues preclude summary judgment on the issue of pretext. Defendant argues the Magistrate Judge's assessment of the performance evaluation was inaccurate as it contained many negative comments. Defendant also argues the Court should credit its "honest belief" that Plaintiff's work performance warranted termination. The Magistrate Judge discussed the issue of pretext and the "honest belief" argument as follows:

> With Plaintiff's *prima facie* case established, the burden shifts to Defendant to offer a nonretaliatory reason for its decision to terminate Plaintiff's employment. Defendant has met this burden with its explanation that Plaintiff's poor work performance was the reason for her termination.
>
> The burden then shifts to Plaintiff to demonstrate that the reasons given were 'mere pretext.' *Kenney*, 965 F.3d at 448. Pretext can be established by showing that the proffered reason was factually false, did not actually motivate discharge, or was insufficient to motivate discharge. *Tingle v. Arbors at Hillard*, 692 F.3d 523, 530 (6th Cir. 2012). Courts have recognized that in retaliation cases, an employer's true motivations are particularly difficult to ascertain, thereby frequently making such factual determinations unsuitable for disposition by summary judgment. *Singfield*, 389 F.3d at 564. '[C]aution should be exercised in granting summary judgment once a plaintiff has established a *prima facie* inference of retaliation through direct or circumstantial evidence." *Id*; *See also U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 716 (1983) (acknowledging that discrimination cases present

4

difficult issues for triers of fact because there is rarely 'eyewitness' testimony as to the employer's mental process.). 'At the summary judgment stage, the issue is whether the plaintiff has produced evidence from which a jury could reasonably doubt the employer's explanation. If so, [the] *prima facie* case is sufficient to support an inference of discrimination at trial." *Montell v. Diversified Clinical Servs., Inc.*, 757 F.3d 497, 508 (6th Cir. 2014) (*citation omitted*). As the Sixth Circuit has stated, '[p]retext is a commonsense inquiry: did the employer fire the employee for the stated reason or not?' *Blizzard v. Marion Tech. Coll.*, 698 F.3d 275, 285 (6th Cir. 2012) (*citing Chen v. Dow Chem. Co.*, 580 F.3d 394, 400 n.4 (6th Cir. 2014)).

After review of the record before the Court, the Court finds that genuine issues of material fact exist on the issue of pretext that cannot be resolved in the context of summary judgment. Plaintiff's response in opposition offers a rebuttal to the factual reasons offered as support for Defendant's assertion of poor work performance. While Plaintiff's subjective outlook on her work performance is not sufficient evidence on the issue of pretext, her response painstakingly details a countering factual version of the work issues noted by Defendant, the adoption or rejection of which is better resolved at trial.

Furthermore, and more significantly, as noted in the prior discussion of Plaintiff's *prima facie* case, genuine issues of material fact exist surrounding the events occurring in 2017 that preceded Plaintiff's termination from employment. These factual issues go directly to the question of whether Plaintiff's alleged work performance issues actually motivated the decision to terminate Plaintiff's employment. For example, as noted, the issue of whether or not Carl and Harris actually made the decision to terminate Plaintiff on February 9, 2017, requires a credibility determination given the facts of this case. Also as noted, the issue of how Plaintiff's performance evaluation should be viewed and whether it is inconsistent with Plaintiff's subsequent termination is subject to differing interpretations and is relevant. *See Henry v. Abbott Labs.*, 651 Fed. App'x 494, 502 (6th Cir. 2016) (finding recent positive reviews of an employee's performance to be evidence of pretext in failure-to-promote claim); *Bruce v. Levy Premium Foodservices Ltd. P'ship of Tennessee*, 324 F.Supp.3d 962, 970 (M.D.Tenn. 2018) (proffered reasons for firing employee that were inconsistent with recent positive performance evaluations was evidence that could be relied on to show pretext). Further, while Defendant points to two significant workplace issues by Plaintiff that occurred in January and February 2017, and which Defendant asserts precipitated the decision to terminate Plaintiff's employment, a reasonable trier of fact could discount this evidence given that there is no indication that the events were discussed with Plaintiff during her performance evaluation meeting with Carl in February 2017.

5

>   Because there is evidence upon which a reasonable trier of fact could reject Defendant's proffered explanation for the termination decision and find that Defendant's actual motivation for terminating Plaintiff was a retaliatory animus, Defendant's reliance upon the 'honest belief' defense necessarily fails to warrant summary judgment in its favor. Plaintiff challenges not just the factual basis or correctness of Defendant's explanation of her deficient work performance. Plaintiff also challenges that her termination was actually based on work performance issues, contending that the evidence can reasonably be construed as casting doubt that she was fired for work performance related issues. While the 'honest belief' rule protects an employer who mistakenly, but honestly, relies on legitimate non-discriminatory reasons for a challenged action, it does not protect an employer when the plaintiff shows that the challenged adverse action was not actually motivated by the proffered reasons. *Bruce* 324 F.Supp.3d at 971.
>
>   When the totality of the evidence is viewed in the light most favorable to Plaintiff and she is given the benefit of all reasonable inferences, the Court cannot say that the evidence on the issue of retaliation is so one-sided that Defendant is entitled to judgment in its favor as a matter of law. A reasonable trier of fact could find Defendant' version of the events and proffered explanation to be credible and supportive of a judgment in its favor. On the other hand, a reasonable trier of fact could find Defendant's explanation to be unworthy of belief and find that Plaintiff was terminated not for work performance issues but as retaliation because she engaged in protected activity by lodging a complaint of discrimination against Carl, her supervisor. In the end, this claim is best resolved by the trier of fact.

(Doc. No. 51, at 24-27).

The Court agrees with the Magistrate Judge's detailed explanation of why the evidence in the record, when all reasonable inferences are drawn in favor of Plaintiff, presents a sufficient disagreement as to require submission of the issues of pretext and "honest belief" to a jury. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587-88, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986); *Shreve v. Franklin County, Ohio,* 743 F.3d 126, 132 (6th Cir. 2014); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255. Defendant has failed to establish the Magistrate Judge erred in that regard.

6

Finally, Defendant complains that some of the evidence upon which the Magistrate Judge relied is not admissible as submitted by the *pro se* plaintiff. The Magistrate Judge addressed the alleged deficiencies of Plaintiff's proof as follows:

> As an initial matter, the Court is unpersuaded by the argument set forth in Defendant's reply that hinges upon the deficiencies of the *pro se* Plaintiff's response to the motion for summary judgment. While Defendant correctly points out that Plaintiff's *pro se* status does not relieve her of the basic obligation to respond directly to the motion for summary judgment and to show that genuine issues of material fact exist which require that the action proceed to trial, it is apparent that the *pro se* Plaintiff has made an admirable attempt to directly respond to both Defendant's arguments for summary judgment and Defendant's statement of undisputed facts, to point out what she believes are the disputed facts, and to present to the Court in an organized manner the evidence that she believes supports her claims. Unlike some *pro se* cases, Plaintiff has not made a minimal effort to respond or left it to the Court to make her case for her.
>
> The Court simply does not agree with Defendant's contention that Plaintiff's opposition fails because Plaintiff has "wholly failed" to set forth admissible evidence in support of her case and raises a genuine issue for trial. *See* Reply at 2. To be sure, Plaintiff's response in opposition and specifically, her response to Defendant's statement of undisputed facts, does rely to some degree upon hearsay evidence and upon statements from her that are speculative, conclusory, or beyond the scope of her own personal knowledge.[6] Such evidence cannot be relied upon to rebut the arguments for summary judgment, and the Court is able to parse out this type of evidence.
>
> At the same time, many of the events at issue, the documents Plaintiff has submitted as exhibits, and many of the disputed facts that she points to are events, documents, and facts about which Plaintiff has direct personal knowledge. Indeed, her deposition reflects such knowledge. Further, Plaintiff has submitted her declaration attesting to the correctness of the statements that she has made in her response. While this type of prophylactic or remedial declaration would normally be discounted by the Court, it is nonetheless clear that a great many of the factual statements upon which Plaintiff relies for her response in opposition and about which she has personal knowledge could readily be set out in an acceptable form and are statements about matters that certainly could be testified to by Plaintiff. The Court is not inclined in this case to wholly disregard such statements in the context of review of the motion for summary judgment. *See Thomas v. Haslam*, 303 F. Supp.3d 585, 624 (M.D.Tenn. 2018) (Trauger, J.) (acknowledging the court's discretion to consider the substance of material presented in opposition to summary judgement, even if inadmissible in the form presented, if such material could be

presented in an admissible form at trial); *Mangum v. Repp*, 2017 WL 57792 at * 5 (6th Cir. Jan. 5, 2017). Plaintiff's claims should rise or fall based upon the merits of the claims, and the Court is reluctant to place form over substance by essentially disregarding Plaintiff's good faith effort to support her case as best she is able as a layperson.

---

[6] Plaintiff's response to the statement of undisputed facts is 99 pages long, *see* Docket Entry No. 41, and the Court sees no purpose is detailing or setting out the instances when Plaintiff has relied upon evidence that cannot be considered.

(Doc. No. 51, at 9-11).

In the Court's view, the Magistrate Judge appropriately considered the materials submitted by Plaintiff and parsed out evidence unlikely to be admissible at trial. As the Magistrate Judge correctly pointed out, although summary judgment should be based on admissible evidence, the evidence does not necessarily have to be presented in final, admissible form at the motion for summary judgment stage. *See, e.g.*, *Mangum v. Repp*, 674 Fed. Appx. 531, 536-37 (6th Cir. 2017); *Thomas v. Haslam,* 303 F. Supp. 3d 585, 624 (M.D. Tenn. 2018). Defendant has failed to establish the Magistrate Judge erred in her assessment of Plaintiff's evidence.

Having fully considered Plaintiff's objections, the Court concludes they are without merit, and that the Report and Recommendation should be adopted and approved. Accordingly, Defendant's Motion for Summary Judgment (Doc. No. 31) is **GRANTED** in part, and **DENIED** in part. Summary judgment is granted on all claims except Plaintiff's claim for Title VII retaliation.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE